IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JABARI ANTONIO THOMAS,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **VS.** | : | |
| | : | |
| **Sergeant P. JOHNSON,** *et al.*, | : | **NO. 5:15-CV-181 (MTT)** |
| | : | |
| **Defendants** | : | |
| _____: | | **O R D E R** |

Plaintiff Jabari Antonio Thomas, an inmate at Riverbend Correctional Facility ("RCF"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.   In compliance with the Court's prior Order (ECF No. 5), Plaintiff has file a motion to proceed *in forma pauperis* ("IFP") (ECF No. 7), a copy of his trust fund account balance for the last six months (ECF No. 7-1), and a recast complaint on this Court's section 1983 form (ECF No. 6).   Solely for purposes of the Court's dismissing this action, leave to proceed IFP is hereby **GRANTED**.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon

which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that:

(1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. DISCUSSION

Plaintiff complains about being confined in a cell for three days (from May 6 to May 9, 2015) with a broken toilet that contained sewage. Although two of the Defendants attempted to fix the toilet, Plaintiff alleges that all of the Defendants knowingly kept Plaintiff in the cell with the broken toilet and refused to move him.

Plaintiff's complaint is dated May 14, 2015. As noted in this Court's prior Order, it was unclear whether Plaintiff had fully exhausted his administrative remedies when he filed the instant action. (ECF No. 5 at 2). The Court thus directed Plaintiff, in recasting his complaint, to pay particular attention to the questions on the Court's section 1983 form regarding exhaustion. The attachment (ECF No. 6-1) to Plaintiff's recast complaint

3

indicates that his grievance was denied by Warden Head on June 2, 2015.   Plaintiff further states in the body of his recast complaint that he has not appealed the denial of his grievance because "all appeals ha[ve] been getting denied even at the highest level." (ECF No. 6 at 4).

It is not clear whether Plaintiff has stated a colorable Eighth Amendment claim under section 1983.   The Court need not address the merits of Plaintiff's claim, however, because it is apparent that Plaintiff had not exhausted his administrative remedies prior to filing suit in federal court.   Under 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (exhaustion is required whether the plaintiff seeks monetary damages, declaratory and injunctive relief, or both).   The exhaustion requirement is mandatory and the filing of a complaint "without properly exhausting all available administrative remedies is a procedural misstep that is fatal to the underlying case."   *McKeithen v. Jackson*, _ F. App'x __, 2015 WL 1424241 at *3 (11th Cir. Mar. 31, 2015) (*citing Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005)).   "To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the administrative process."   *Bryant v. Rich*, 530 F.3d 1368, 1372-78 (11th Cir. 2008) (internal quotation marks omitted).   A complaint is thus properly dismissed prior to

service if a failure to exhaust appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007)*; Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Plaintiff complains of conditions that existed May 6 to May 9, 2015. Plaintiff dated his complaint May 14, 2015, and the Court received it on May 21, 2015. The attachment to Plaintiff's recast complaint indicates that the Warden denied Plaintiff's grievance on June 2, 2015. Although Plaintiff may have submitted his grievance before he filed the instant complaint, he did not receive a ruling on that grievance until after he filed this lawsuit. Moreover, Plaintiff further indicates that he did not file an appeal of his grievance denial. Because it is clear from Plaintiff's submissions that he has not exhausted his administrative remedies prior to initiating this lawsuit, his complaint is **DISMISSED WITHOUT PREJUDICE**, pursuant to section 1997e(a). Plaintiff may file another complaint once he *fully* exhausts his administrative remedies.

**SO ORDERED**, this 18th day of June, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT

5